UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

<u>Wanjira Taliaferro</u>,
    Petitioner

    v.                                Case No. 11-cv-299-SM
                                        Opinion No. 2011 DNH 108
<u>United States of America</u>,
    Respondent

## **O R D E R**

Petitioner pled guilty to, and was convicted of, distributing in excess of 5 grams of cocaine base, possession with the intent to distribute 50 grams or more of cocaine base, and conspiracy to distribute in excess of 50 grams of cocaine base. 21 U.S.C. §§ 841(a)(1) and 846. After affording defendant an opportunity to withdraw her guilty pleas (for reasons not relevant here), which she reasonably declined, petitioner was sentenced to the then applicable statutory mandatory minimum term of imprisonment — 10 years.

Petitioner now seeks relief from that sentence under the provisions of 28 U.S.C. § 2255. But the petition must be denied. First, the petition, on its face, is untimely. Judgment was entered in petitioner's criminal case on March 8, 2010, and became final fourteen days later. The petition for § 2255 relief was filed on June 22, 2011, or more that one year after her

conviction became final, even allowing for a generous "prisoner mail rule." The petition is, therefore, untimely. 28 U.S.C. § 2255(f).

Second, on the merits, petitioner is not entitled to the relief she seeks. Petitioner seeks to benefit from the reduced mandatory minimum sentences for crack cocaine offenses established by the Fair Sentencing Act, which became effective on August 3, 2010. But that Act is not retroactively applicable to defendants, like petitioner, whose convictions and sentences became final before the Act's passage. See U.S. v. Goncalves, __ F.3d __, 2011 WL 1631649 (1st Cir. 2011); U.S. v. Douglas, ___ F.3d __, 2011 WL 2120163 (1st Cir. 2011); 1 U.S.C. § 109. I recognize, as did Judge Hornby in United States v. Butterworth, 2010 WL 4362859 (D. Me, Oct. 27, 2010), that petitioner, of course, thinks it unfair that, because her sentence was imposed and became final some five months before the Fair Sentencing Act became law, she is required to serve a harsher sentence than would be imposed now for the same conduct. But, "that is a decision that Congress has made and it is not for [judges] to change." Id.

The petition is necessarily denied. The court declines to issue a certificate of appealability. Rule 11(a), Rules Governing Section 2255 Proceedings.

**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

July 7, 2011

cc: Wanjira Taliaferro, pro se